19263

Calvin T. MILLSTEAD, Appellant, v. The LIFE INSURANCE COMPANY OF VIRGINIA, Respondent.

(182 S. E. (2d) 867)

*Messrs. Pope & Schumpert, By Richard M. Kenan, Esq.,* of Newberry, *for Appellant,*

*Messsr. Roberts, Jennings & Thomas, By W. Croft Jennings, Jr., Esq.,* of Columbia, *for Respondent,*

August 2, 1971.

BUSSEY, Justice.

This is a Declaratory Judgment action in which the plaintiff-appellant seeks construction of a so-called "anti-duplication provision" of an insurance policy issued by the respondent, and judgment for the benefits allegedly due him.

Plaintiff was employed as a fireman by the City of Newberry and as such covered by a group major medical expense policy issued by the defendant. Plaintiff suffered a cardiac seizure and as a result incurred and continues to incur expenses, properly within the coverage of the policy, all of which the defendant has refused to pay. Plaintiff, at the time of the hearing, had already incurred covered expenses in the amount of approximately $2,000. The plaintiff's wife, Alice R. Millstead, had received certain benefits pursuant to the terms of an insurance plan arranged through her employer, and Travelers Insurance Company, and paid as the result of the expenses incurred by the plaintiff. The parties stipulated as to certain facts, and, *inter alia,* that the issue made by the pleadings involved an interpretation of the anti-duplication provision of the policy. The cause was heard on the merits upon the pleadings and stipulation. The lower court entered judgment in favor of the defendant and plaintiff appeals.

The policy clause involved provides, *inter alia,* that there shall be deducted from benefits payable "* * * all payments made *to or on behalf of the insured individual* for medical care or services * * * under any group, franchise, Blue Cross, Blue Shield, or other service prepayment plan * * * arranged through any employer, trustee, union, employee benefit association or other association or organization." Much of the argument here is devoted to the question of whether or not the term "any employer", as used in the quoted policy provision, is or is not ambiguous, and the order of the lower court was in a large measure predicated on the conclusion that there was no ambiguity; that the term should not be restricted to mean "any employer" of the plaintiff; that such term was a broad designation, and included the employer of the wife, with the result that the benefits received by her under her policy on account of her husband's illness precluded his recovery from the defendant. In our view, a proper disposition of the case may be reached without pursu-

452

ing the inquiry as to whether or not there is, in truth, any ambiguity in the term "any employer".

We conclude, independently thereof, that the deductible clause relied upon by the defendant is no bar, under the stipulated facts of this case, to the recovery of benefits by the plaintiff. From the facts of the case, we deem it obvious that no payments for medical care, etc. have been made "to or on behalf of the insured individual" under the wife's group insurance plan arranged through her employer. It is true that she, not her husband, has received from this plan benefits paid her under the plan as a result of expenses incurred by her husband. Once she received that which she was entitled to, under her plan, she could do with her money what she pleased. The fact that she may have seen fit to use her money to apply toward the payment of the plaintiff's medical bills, when his insurer refused to pay in accordance with his policy, does not change the situation. Payment of her husband's medical bills by the wife with her money did not constitute payments *to or on behalf of the husband* under any insurance plan.

We are of the opinion that the foregoing is the correct result under the plain and clear language of the policy which we regard as being free of any ambiguity. But if there conceivably be any doubt thereabout, the doubt or ambiguity, of course has to be resolved against the defendant. We quote the following from 13 Appleman Insurance Law and Practice 106, Sec. 7405:

"The courts have frequently stated that provisions limiting liability of the insurer—such as exceptions from coverage, exclusions, restrictions, and conditions—are particularly deserving of strict construction so as not to cut down the coverage which the insured believed he was purchasing."

Cited as authority for the foregoing are cases from twenty-two states, including the South Carolina case of *Wheeler v. Globe & Rutgers Fire Ins. Co.* (1923), 125 S. C. 320, 118 S. E. 609.

Also in 13 Appleman at page 170, Sec. 7439, we find the following:

"And subordinate conditions and provisos of a health policy limiting liability should be strictly construed against the insurer, since they limit the purpose of the principal object for which the policy was taken out." *Thompson v. Mutual Benefit Health & Acc. Ass'n.*, 209 N. C. 678, 184 S. E. 695; *McArthur v. Mass. Hosp. Service, Inc.*, 343 Mass. 670, 180 N. E. (2d) 449; *Hunt v. Hospital Service Plan of N. J.*, 33 N. J. 98, 162 A. (2d) 561, 81 A. L. R. (2d) 919.

"The courts have uniformly held that where the clause is one of inclusion it should be broadly construed for the benefit of the insured while in exclusion cases the same clause is given a more restricted interpretation. *Jamestown Mutual Ins. Co. v. Nationwide Mutual Ins. Co.*, 266 N. C. 430, 146 S. E. (2d) 410. This is necessary because in both situations the courts favor an interpretation in favor of coverage." *Buddin v. Nationwide Mutual Ins. Co.*, 250 S. C. 332, 157 S. E. (2d) 633.

For the foregoing reasons, the judgment of the lower court is reversed and the cause remanded for entry of judgment in favor of the plaintiff in accordance with the views herein expressed.

Reversed and remanded.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.