0176

C. D. WALTERS CONSTRUCTION CO., INC., Appellant, v. FIREMAN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Respondent.

(316 S. E. (2d) 709)

Court of Appeals

*J. Kevin Holmes* and *David T. Pearlman, Steinberg, Levkoff, Spitz & Goldberg,* Charleston, *for appellant.*

*John J. Kerr* and *Bachman S. Smith, III, Brockington, Brockington & Smith,* Charleston, *for respondent.*

Heard March 28, 1984.

Decided May 21, 1984.

Per Curiam:

This is a declaratory judgment action by the appellant C. D. Walters Construction Co., Inc. (Walters), against the respondent Fireman's Insurance Company of Newark, New Jersey (Fireman's), concerning whether a comprehensive general liability insurance policy indemnifies Walters against damages in an action for negligence, breach of contract, and trespass arising out of Walters' faulty workmanship and whether the policy requires Fireman's to defend the action. Since an exclusion embraced the risks in question, we affirm the trial court's judgment that the policy neither indemnifies Walters nor requires Fireman's to provide Walters with a defense.

The trial court's order properly sets forth and disposes of the issues before us; therefore, we adopt the order as modified and supplemented and publish it as our view. Ellipses and bracketed material reflect our changes.

## ORDER OF JUDGE FIELDS

[An action] was filed against [Walters] by . . . Andrew Giannelli alleging . . . causes of action for negligence, breach of contract, and trespass and seeking $130,000 in actual and punitive damages. [Fireman's] determined that there was no coverage for the damages alleged . . . in [Gianelli's] complaint and refused to defend the . . . action. . . . [Walters maintains that the policy affords coverage and that Fireman's owes it a defense.]

[T]he obligation of a liability insurance company under a policy provision requiring it to defend an action brought against the insured by a third party is to be determined by the allegations of the [third party's] complaint. . . . [*Boggs v. Aetna Casualty and Surety Co.*, 272 S. C. 460, 252 S. E. (2d) 565 (1979). If the facts alleged in the complaint against the insured fail to bring the action within the policy coverage, the insurance company is not obligated to defend. *R. A. Earnhardt Textile Machinery Division, Inc. v. S. C. Insurance Co.*, 277 S. C. 88, 282 S. E. (2d) 856 (1981); *General Ins. Co. v. Palmetto Bank*, 268 S. C. 355, 233 S. E. (2d) 699 (1977).]

[Here, the complaint's first cause of action alleges that Giannelli owns 6.24 acres in Charleston County, South Carolina, and that Walters contracted with Giannelli to perform

clearing operations for a roadway and to excavate and prepare a pond on Giannelli's property. It further alleges that Walters performed in a "careless, negligent, willful, wanton and unworkmanlike manner." Giannelli seeks actual and punitive damages claiming that Walters "cut and damaged trees (Giannelli) specifically instructed (Walters) to avoid" and that Walters "dug a ditch on (Giannelli's) property against (his) specific ... instructions." The second cause of action alleges that Walters breached its contract with Giannelli because Walters cut "certain trees" and dug a ditch against Giannelli's specific instructions. The third cause of action alleges that Walters trespassed upon the property when it "dug a ditch ... and cut down certain trees without [Giannelli's] consent and against [his] specific instructions."] [E]ach of the causes of action allege[s] damage[] to the property upon which the operations were being performed by [Walters].[1]

. . . .

While there appears to be no case on point in this state, [similar cases elsewhere] have ... decided ... that the damages Giannelli [seeks] to recover [by] his complaint are [typically] excluded from the coverage of [a comprehensive] general liability policy [like that] issued to Walters. . . . *See* [*Western Employers Ins. Co. v. Arciero and Sons, Inc.*, 146 Cal. App. (3d) 1027, 194 Cal. Rptr. 688 (1983)]; *Weedo v. Stone-E-Brick, Inc.*, 81 N. J. 233, 405 A. (2d) 788 (1979); [*St. Paul Fire and Marine Ins. Co. v. Coss*, 80 Cal. App. (3d) 888, 145 Cal. Rptr. 836 (1978)]; *Biebel Brothers, Inc. v. United States Fidelity and Guaranty Co.*, 522 F. (2d) 1207 (8th Cir. 1975); *Aetna Insurance Co. v. Pete Wilson Roofing and Heating Co., Inc.*, 289 Ala. 719, 272 So. (2d) 232 (1972); *Haugan v. Home Indemnity Co.*, 86 S. D. 406, 197 N. W. (2d) 18 (1972). [A] review of [these] cases [reveals that] the coverage and exclusion

---

[1] Giannelli takes no exception to this finding of fact by the trial judge; therefore, he is bound thereby. *Alderman v. Cooper*, 257 S. C. 304, 185 S. E. (2d) 809 (1971). In any case, a fair reading of the complaint supports the trial judge's finding. *See Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). Nowhere in Giannelli's complaint against Walters does he allege that either the ditch was dug or the trees were cut on land *not* part of the property upon which Walters carried out clearing and excavating operations.

provisions in the policy under consideration are basically standard [to] all comprehensive general liability policies. . . .

[In *Weedo v. Stone-E-Brick, Inc., supra,* the Supreme Court of New Jersey] gave an excellent comparison of "business risks" assumed by the insured-contractor in the ordinary, normal course of business and "insurable risks" assumed by the . . . insurance company [under a comprehensive general liability policy]. . . .

> The insured-contractor can take pains to control the quality of the goods and services supplied. At the same time he undertakes the risk that he may fail in this endeavor and thereby incur contractual liability whether express or implied. The consequence of not performing well is part of every business venture; the replacement or repair of faulty goods and works is a business expense, to be borne by the insured-contractor in order to satisfy customers. *See* Tinker, ["Comprehensive General Liability Insurance — Perspective and Overview," 25 Feder. Ins. Coun. Q. 217, 224 (1975); Henderson, "Insurance Protection for Products Liability and Completed Operations — What Every Lawyer Should Know," 50 Neb. L. Rev. 415, 441 (1971).]

There exists another form of risk in the insured-contractor's line of work, that is, injury to people and damage to property caused by faulty workmanship. Unlike business risks of the sort described above, where the tradesman commonly absorbs the cost attendant upon the repair of his faulty work, the accidental injury to property or persons substantially caused by his unworkmanlike performance exposes the contractor to almost limitless liabilities. While it may be true that the same neglectful craftsmanship can be the cause of both a business expense of repair and a loss represented by damage to persons and property, the two consequences are vastly different in relation to sharing the cost of such risks as a matter of insurance underwriting.

In this regard Dean Henderson has remarked:

> The risk intended to be insured is the possibility that the goods, products or work of the insured, once relinquished or completed, will cause bodily injury or damage to property other than to the product or completed work

itself, and for which the insured may be found liable. The insured, as a source of goods or services, may be liable as a matter of contract law to make good on products or work which is defective or otherwise unsuitable because it is lacking in some capacity. This may even extend to an obligation to completely replace or rebuild the deficient product or work. This liability, however, is not what the coverages in question are designed to protect against. The coverage is for tort liability for physical damages to others and not for contractual liability of the insured for economic loss because the product or completed work is not that for which the damaged person bargained. [Henderson, *Id.*]

*Weedo v. Stone-E-Brick, supra,* 405 A. (2d) at 791.

. . . .

As the above quoted language from *Weedo, supra,* and the other cases above cited make clear, the [comprehensive] general liability policy does not cover ... faulty workmanship, but rather faulty workmanship which causes an accident.

[P]ortions of the comprehensive general liability insurance policy under consideration and the exclusion provision contained in the policy [that] applies to the facts of this case ... follow[]:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
>
> . . . .
>
> B. property damage to which this insurance applies,
>
> . . . .
>
> Exclusions
> This insurance does not apply:
>
> . . . .
>
>> *(o)* to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith:
>>
>> . . . .

An endorsement to the policy entitled "Broad Form Property Damage" which [replaces] exclusion *(o)* ... provides [in part]:

(w) to property damage

. . . .

   (2) . . . to

   . . . .

(d) that particular part of any property, . . .

   (i) upon which operations are being performed by or on behalf of the insured at the time of the property damage arising out of such operations, . . . .

The [damage for which Walters seeks coverage involves property damage only "to . . . that particular part of (Giannelli's) property . . . upon which operations (were) being performed by or on behalf of (Walters) at the time of the property damage arising out of (Walter's) operations." It does not involve accidental injury to other property.] The alleged facts clearly subject [each of] Giannelli's [causes of action] to the . . . above quoted exclusion which, without qualification, denies coverage for [property damage] arising out of . . . the insured's-contractor's . . . faulty work[manship].

   . . . .

For the foregoing reasons, . . . there was no coverage for the property damage[] alleged to have been suffered by . . . Giannelli in his complaint against [Walters and] Fireman's . . . [has] no duty to defend the action. . . .

   [Affirmed.]