2022

NAUTILUS INSURANCE COMPANY, Respondent v. Rick LONG, d/b/a Hilton Head Roofing Co., Jasper County Hospital Board, and the Continental Insurance Co., of whom Jasper County Hospital Board is Appellant.

(431 S.E. (2d) 624)

Court of Appeals

*Darrell Thomas Johnson, Jr.*, Hardeeville, *for appellant.*

*Stephen P. Hughes*, Beaufort, *for respondent.*

*Lewis Hammett*, Hilton Head; and *Aubrey R. Alvey*, Charleston, *for defendants.*

Heard May 11, 1993.

Decided June 1, 1993.

GOOLSBY, Judge:

Nautilus Insurance Company brought this declaratory judgment action against Rick Long, who does business as Hilton Head Roofing Company; Jasper County Hospital Board; and Continental Insurance Company. The hospital board appeals from the master's amended order. The issue on appeal relates to coverage under a contractor's liability insurance policy.

The hospital board contracted with the roofing company in 1988 to lay a new roof surface over the old roof at Live Oaks Hospital in Jasper County. During the laying of the new roof, rain water from a heavy storm leaked through the hospital's roof because the roofing company failed to cover the roof surface. The rain water allegedly caused considerable damage to the hospital and its equipment. The hospital board sued the roofing company.

Nautilus, which provided the roofing company with contractor liability coverage for property damage, brought this action seeking to avoid responsibility to defend or indemnify the roofing company.

The hospital board counterclaimed against Nautilus, seeking a declaration that Nautilus could be liable for the loss of a "warranty" or an insuring agreement from the roofing material manufacturer based on the roofing company's alleged failure to cover the roof and allowing the roofing material to get wet. The roofing material manufacturer will provide a twenty-year, pro rata indemnity agreement to the ultimate user of its roofing material that will indemnify or insure against defects in the roofing material, unless the roofing material becomes wet during installation.

After the master ruled the insurance company had a duty to defend the pending negligence action and did not address the issue raised by the hospital board's counterclaim and cross-claim, the hospital board moved to amend the master's order. The hospital board contended its alleged loss of a warranty or an insuring agreement is a property damage for which the roofing company is liable and Nautilus must pay under its policy with the roofing company.

The master, pointing to the exclusions contained in para-

graphs (n) and (o) of an endorsement to the policy,[1] held the policy issued by Nautilus "does not afford liability coverage against damages occasioned by alleged breach of contract, or for damages allegedly occasioned by alleged breach of warranty." We agree.

Here, the "work performed . . . by the named insured" was the installation of a roof, a roof that was supposed to carry a twenty-year warranty on the roofing material. The property damage in question, which is the loss of the right to the twenty-year warranty, was to the very work performed by the roofing company and it clearly arose out of the work. Under the plain language of the policy, particularly the exclusion contained in paragraph (o), the property damage is excluded from coverage. Nautilus did not provide coverage for contractual liability of the insured for any type of economic loss resulting from the failure of the product or completed work not being that for which the hospital board bargained. *C.D. Walters Construction Co., Inc. v. Fireman's Ins. Co. of Newark, N.J.*, 281 S.C. 593, 316 S.E. (2d) 709 (Ct. App. 1984).

We also disagree with the hospital board's argument that "[t]he 'warranty' under consideration is not [the roofing company's] product" and that "[t]he 'warranty' is not work performed by [the roofing company]." The product that the roofing company contracted to supply was a roof that carried a twenty-year warranty on its roofing material. Because of the roofing company's faulty workmanship, namely, its failure to shield the roof surface against rain and its allowing the roofing material to get wet, the roof that it installed cannot now carry this warranty. As in *Stroup Sheet Metal Works, Inc. v. Aetna Casualty & Surety Co.*, 268 S.C. 203, 232 S.E. (2d) 885 (1977), "[t]here is nothing in the policy provision that would warrant the conclusion that [the insurer] is obligated to pay for faulty workmanship. . . ." *Id.* at 213, 232 S.E. (2d) at 888.

Affirmed.

SHAW and CURETON, JJ., concur.

---

[1]Paragraph (n) excludes from coverage "property damage to the named insured's products arising out of such products or any part of such products." Paragraph (o) excludes from coverage "property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith."