**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

INSURANCE COMPANY OF NORTH AMERICA
(CIGNA); UNITED STATES FIRE INSURANCE
COMPANY,
Plaintiffs-Appellees,

v.

BETTY B. BAUGHMAN, Personal
Representative of the Estate of Edward
Clinton Baughman, Deceased; CHERYL
V. TYNAN, Personal Representative of
the Estate of John Francis Tynan, IV,
Deceased; RICHARD KUNA,
Defendants-Appellants,

and

BELK STORES SERVICES, INCORPORATED;
BELK HUDSON COMPANY; CARROLL JOYE,

Individually and as an employee of
either Belk Store Services, Incorporated,
or any affiliated company, including
Belk-Hudson Company of Orangeburg,
SC; SUE E. MARTIN, Widow and
Administratrix of the Estate of Ronnie
L. Martin, and Next Friend of Justin
Christopher Martin and Jessica Brooke
Martin, Minors; GAS SYSTEMS &
SERVICE, INCORPORATED; E. O. HUDSON,
JR. d/b/a Belk Hudson Company, and/or
Belk Hudson Group Office; A. J.
MATHESON WANNAMAKER, II, Personal
Representative of the Estate of Niles
Lovgren Anderson,
Defendants.

No. 96-1952

INSURANCE COMPANY OF NORTH AMERICA
(CIGNA); UNITED STATES FIRE INSURANCE
COMPANY,
Plaintiffs-Appellees,

v.

BETTY B. BAUGHMAN, Personal
Representative of the Estate of Edward
Clinton Baughman, Deceased; CHERYL
V. TYNAN, Personal Representative of
the Estate of John Francis Tynan, IV,
Deceased; RICHARD KUNA,
Defendants-Appellants,

and

BELK STORES SERVICES, INCORPORATED;
BELK HUDSON COMPANY; CARROLL JOYE,

Individually and as an employee of
either Belk Store Services, Incorporated,
or any affiliated company, including
Belk-Hudson Company of Orangeburg,
SC; SUE E. MARTIN, Widow and
Administratrix of the Estate of Ronnie
L. Martin, and Next Friend of Justin
Christopher Martin and Jessica Brooke
Martin, Minors; GAS SYSTEMS &
SERVICE, INCORPORATED; E. O. HUDSON,
JR. d/b/a Belk Hudson Company, and/or
Belk Hudson Group Office; A. J.
MATHESON WANNAMAKER, II, Personal
Representative of the Estate of Niles
Lovgren Anderson,
Defendants.

No. 96-2021

2

INSURANCE COMPANY OF NORTH AMERICA
(CIGNA); UNITED STATES FIRE INSURANCE
COMPANY,
Plaintiffs-Appellees,

v.

BELK STORES SERVICES, INCORPORATED;
BELK HUDSON COMPANY; E. O. HUDSON,
JR. d/b/a Belk Hudson Company, and/or
Belk Hudson Group Office,
Defendants-Appellants,

and

BETTY B. BAUGHMAN, Personal
Representative of the Estate of Edward
Clinton Baughman, Deceased; CHERYL
V. TYNAN, Personal Representative of

the Estate of John Francis Tynan, IV,
Deceased; RICHARD KUNA; CARROLL
JOYE, Individually and as an employee
of either Belk Store Services,
Incorporated, or any affiliated company,
including Belk-Hudson Company of
Orangeburg, SC; SUE E. MARTIN,
Widow and Administratrix of the Estate
of Ronnie L. Martin, and Next Friend of
Justin Christopher Martin and Jessica
Brooke Martin, Minors; GAS SYSTEMS &
SERVICE, INCORPORATED; A. J. MATHESON
WANNAMAKER, II, Personal
Representative of the Estate of Niles
Lovgren Anderson,
Defendants.

No. 96-2031

3

Appeals from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CA-93-1767-5-6)

Argued: May 5, 1997

Decided: September 12, 1997

Before MURNAGHAN and HAMILTON, Circuit Judges, and
LEGG, United States District Judge for the
District of Maryland, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Alvin Jeffrey Hammer, GEDNEY M. HOWE, III, P.A.,
Charleston, Couth Carolina, for Appellants. Donald Ross Anderson,
SMITH, HOWARD & AJAX, L.L.P., Atlanta, Georgia, for Appel-
lees. **ON BRIEF:** Gedney M. Howe, III, GEDNEY M. HOWE, III,
P.A., Charleston, South Carolina; Charles H. Williams, WILLIAMS
& WILLIAMS, Orangeburg, South Carolina, for Appellant Kuna;
Michael P. Horger, HORGER, HORGER & LANIER, Orangeburg,
South Carolina, for Appellants Baughman and Tynan; James W.
Alford, Curtis W. Dowling, BARNES, ALFORD, STORK & JOHN-
SON, L.L.P., Columbia, South Carolina, for Appellants Belk and
Hudson. Kimberley L. Moore, SMITH, HOWARD & AJAX, L.L.P.,
Atlanta, Georgia; David A. Brown, Aiken, South Carolina, for Appel-
lees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

4

**OPINION**

PER CURIAM:

I.

These consolidated appeals arose from an October 12, 1992 airplane crash in East Point, Georgia. The airplane was owned by Gas Systems & Services, Inc. ("Gas Systems") and was being used for a business trip by Belk-Hudson Company of Orangeburg, South Carolina, Inc. ("Belk-Hudson"). The pilot of the plane, Nils Anderson, and three passengers, Edward Baughman, John Tynan, and Ronnie Martin, died from injuries sustained in the crash. A fourth passenger, Richard Kuna, survived the crash but suffered personal injuries. The four passengers, Messrs. Baughman, Tynan, Martin and Kuna, were all employees of Belk-Hudson. Nils Anderson had been hired by Belk-Hudson to pilot the plane from Orangeburg, South Carolina to Atlanta, Georgia for a fee of one hundred dollars.

Personal injury and wrongful death lawsuits were filed in the Court of Common Pleas, County of Orangeburg, South Carolina by representatives of the estates of the deceased and by Richard and Carol Kuna. Defendants in these state court lawsuits included Matheson Wannamaker (as representative of the estate of Nils Anderson), Gas Systems, Belk-Hudson, Belk Store Services, Inc., E.O. Hudson, Jr., and Carroll Joye.

The Insurance Company of North America (CIGNA) ("INA") and the U.S. Fire Insurance Company ("U.S. Fire") subsequently filed a declaratory action in the United States District Court for the District of South Carolina, Orangeburg Division. This action sought a declaration of the rights, obligations and liabilities of the state-court litigants under two aviation insurance polices issued by INA and U.S. Fire to "Belk Stores and Associates."[1] The policies covered the use of "non-

---

[1] The policy issued by INA provided the primary coverage at issue. U.S. Fire's policy was a "following form" policy which simply provided excess coverage on the same terms and conditions as the INA policy.

owned" airplanes, such as the airplane involved in the October 12, 1992 crash.**2**

At issue in the declaratory judgment action was the scope of coverage provided under the policies' definition of "insured:"

> The unqualified word "Insured" wherever used in the policy includes not only the Named Insured but also includes any executive officer, director, stockholder, employee or agent thereof while acting in the scope of his duties as such .... The insurance with respect to any person other than the Named Insured does not apply to:
>
> 1. Any partner, executive officer, director, stockholder, employee or agent with respect to injury or death of another partner, executive officer, director, stockholder, employee or agent of the same employer injured in the course of his duties or employment.

(J.A. at 423).**3**

On March 4, 1996, Mr. Kuna and the estates of Mr. Baughman and Mr. Tynan filed a Motion for Summary Judgment, contending that the estate of the pilot, Nils Anderson, was covered under this definition. INA and U.S. Fire filed a Cross-Motion for Summary Judgment.

After a hearing on the motions, Senior Judge Charles E. Simons,

---

**2** It was uncontested at oral argument that, in addition to worker's compensation, the victims also have been compensated under an insurance policy held by the airplane's owner, Gas Systems. Thus, the only compensation at issue on these appeals is whether the victims may recover under the INA and U.S. Fire policies as well.

**3** Also at issue before the district court was a provision which Judge Simons found excluded coverage of claims against Belk-Hudson, by its employees, that otherwise were covered by workers' compensation. On appeal, appellants have not challenged this ruling, conceding at oral argument that the provision does exclude coverage to Belk-Hudson for such claims.

Jr. issued a written opinion granting INA's and U.S. Fire's Motion for Summary Judgment and denying the Motion for Summary Judgment filed by Mr. Kuna and the estates of Messrs. Baughman and Tynan. Appellants subsequently took these appeals, claiming that Judge Simons erred in concluding that Nils Anderson was not covered by the policies.**4**

II.

We review a grant of summary judgment <u>de novo</u> . <u>Shaw v. Stroud</u>, 13 F.3d 791, 798 (4th Cir. 1994).

In its opinion, the trial court concluded that the policies did not cover the estate of Mr. Anderson for the claims of the victims, irrespective of whether Mr. Anderson was an employee of Belk-Hudson or an independent contractor. First, Judge Simons found that the policies' definition of "insured" unambiguously excluded coverage of an employee of Belk-Hudson for claims raised by his or her co-employees. Second, Judge Simons found that the definition did not cover independent contractors.

Appellants contend that Judge Simons erred both in finding that the language of the contract was unambiguous, and in concluding that the language of the contract did not conflict with South Carolina law and public policy. Having carefully reviewed the record and the parties' submissions, and having heard oral argument, we affirm on the reasoning of the district court.

Judge Simons correctly found that the policies' definition of "in-
_____
**4** Appellants also have filed both a Motion to Certify Questions of Law to the South Carolina Supreme Court and a Renewed Motion to Certify Issues to the South Carolina Supreme Court. This Court decided to defer ruling on certification until after oral argument. Having reviewed the papers and heard oral argument, the Court finds sufficient controlling precedent in the decisions of the South Carolina Supreme Court to make such certification unnecessary. <u>See</u> S.C. App. Ct. R. 228(a)("The Supreme Court in its discretion may answer questions of law certified to it by any federal court . . . when it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court.").

sured" is unambiguous and that Mr. Anderson is not covered under this definition, irrespective of his employment status.**5** The policies' definition unambiguously excludes independent contractors, limiting coverage to "the Named Insured [and] any executive officer, director, stockholder, employee or agent thereof . . . ." **6** Even if Mr. Anderson were an employee of Belk-Hudson, however, he still would not be covered under the policies because the second sentence of the definition unambiguously excludes coverage of suits by co-employees.**7**

Furthermore, this Court agrees with Judge Simons that the policies are consistent with South Carolina law and public policy. The requirements of the South Carolina Aircraft Financial Responsibility Act, § 55-8-10 et seq. (S.C. Code Ann. 1992), were satisfied by the liability policy held by Gas Systems, the owner of the plane.**8** S.C. Ann. Code § 55-8-40. Similarly, unlike the policy in Isle of Palms Pest Control Co. v. Monticello Ins. Co., 459 S.E.2d 318 (S.C. App. 1994), aff'd, 468 S.E.2d 304 (S.C. 1996), the policies at issue here are not rendered "virtually meaningless" by Judge Simons' interpretation. As demonstrated in the record, the policies were intended to provide coverage for injuries to guests, people in other aircraft, or people or prop-

_____

**5** In both their papers and at oral argument, appellants placed great emphasis on the Affidavit of Professor Nan Morrison, Chair of the Department of English and Communication at the College of Charleston, Charleston, South Carolina. The Court does not find Prof. Morrison's affidavit as persuasive in creating an ambiguity.
**6** Indeed, appellants conceded in both their briefing and at oral argument that Mr. Anderson must have been an employee of Belk-Hudson to qualify as an "insured" under the definition.
**7** The second sentence, as quoted above, provides that "[t]he insurance with respect to any person other than the Named Insured does not apply to: (1) any employee or agent with respect to injury or death of another . . . employee or agent of the same employer injured in the course of his duties of employment."

Appellants essentially conceded this point, in both their briefs and at oral argument, by arguing that Mr. Anderson should be considered as both an "employee" (for purposes of the first sentence of the definition) and as an "independent contractor" (for purposes of the second sentence).
**8** As noted above, infra note 2, the victims already have been compensated to the full limits of this policy.

8

erty on the ground injured by the non-owned aircraft-- a purpose consistent with the trial court's interpretation.

III.

For these reasons, the judgment of the district court is

AFFIRMED.

9