Filed:  July 24, 2003

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

Nos. 00-2385(L)
(CA-98-1987-2-18)

Margaret Fabri,

Plaintiff - Appellee,

versus

The Hartford,

Defendant - Appellant.

O R D E R

The court amends its opinion filed July 11, 2003, as follows:

On the cover sheet, section 4, line 3 -- Judge Norton's name is deleted, and is replaced by "Leonard D. Wexler, Senior District Judge, sitting by designation."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARGARET FABRI,
    *Plaintiff-Appellee,*

    v.                  No. 00-2385

THE HARTFORD,
    *Defendant-Appellant.*

MARGARET FABRI,
    *Plaintiff-Appellant,*

    v.                  No. 02-1810

THE HARTFORD,
    *Defendant-Appellee.*

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
Leonard D. Wexler, SeniorDistrict Judge,
sitting by designation.
(CA-98-1987-2-18)

Argued: June 5, 2003

Decided: July 11, 2003

Before WILKINS, Chief Judge, WIDENER, Circuit Judge, and
Robert R. BEEZER, Senior Circuit Judge of the United States
Court of Appeals for the Ninth Circuit, sitting by designation.

_____

Affirmed in part, reversed in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

**ARGUED:** Edward Kriegsmann Pritchard, III, THE PRITCHARD LAW FIRM, INC., Charleston, South Carolina, for Appellant. George J. Kefalos, GEORGE J. KEFALOS, P.A., Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

The Hartford appeals a district court order denying its motion for judgment as a matter of law on Margaret Fabri's claim that it breached its duty to defend her under a liability insurance policy. Fabri cross-appeals an order granting The Hartford's motion for judgment as a matter of law on her bad faith claim arising out of the same refusal to defend. She also cross-appeals an order denying her motion for a new trial on damages. We affirm in part, reverse in part, and remand.

I.

Fabri is an attorney who ran unsuccessfully for a seat on the Charleston, South Carolina, City Council. Following the election, her opponent, G. Robert George, and his business, G. Robert George & Associates, Inc., sued Fabri for defamation, trade disparagement, and intentional infliction of emotional distress based on the allegation that Fabri had published false statements about the plaintiffs during the campaign ("the George suit").

Fabri requested that The Hartford defend the suit pursuant to a liability insurance policy that The Hartford had issued her ("the policy"). Fabri asserted that she was entitled to a defense under the policy by

2

virtue of her status as an employee or volunteer of her campaign organization, Citizens for Margaret Fabri (Citizens). The Hartford refused to defend Fabri in the George suit, and Fabri eventually hired counsel herself and successfully defended the suit.

In May 1998, Fabri sued The Hartford, alleging that it breached its duty to defend her in the George suit ("the breach of duty claim") and that it acted in bad faith and without reasonable basis in so doing ("the bad faith claim"). Her complaint requested actual, consequential, and punitive damages, as well as attorneys' fees and costs. At trial, at the close of The Hartford's case, the district court denied a motion by The Hartford for judgment as a matter of law on the breach of duty claim, but granted the same motion on the bad faith claim on the basis of the insufficiency of Fabri's evidence. The jury then found for Fabri on her breach of duty claim and awarded her $75,000. The district court subsequently denied The Hartford's renewed motion for judgment as a matter of law and also denied Fabri's motion for a new trial on the issue of damages.

## II.

The Hartford first contends that the district court erred in denying its motion for judgment as a matter of law on the breach of duty claim. In a related argument, Fabri maintains in her cross-appeal that the district court erred in granting judgment as a matter of law against her on the bad faith claim. We conclude that the district court properly denied judgment as a matter of law to The Hartford on the breach of duty claim, but that it also should have denied the motion as to the bad faith claim.

We review the grant or denial of judgment as a matter of law de novo. *See Konkel v. Bob Evans Farms Inc.*, 165 F.3d 275, 279 (4th Cir. 1999). In so doing, we must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *See Sales v. Grant*, 158 F.3d 768, 775 (4th Cir. 1998). We must determine "whether the evidence, viewed in the light most favorable to [Fabri], would have permitted a jury reasonably to return a verdict in [her] favor." *Id.* Judgment as a matter of law is appropriate if "there can be but one reasonable conclusion as to the verdict," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986);

3

if reasonable minds could differ, the motion should be denied, *see id.* at 250-51.

The parties agree that South Carolina law controls the substantive issues in this diversity case. Under South Carolina law, a duty to defend arises on the part of a liability insurer if a complaint against an insured "creates a possibility of coverage under [the] insurance policy." *Isle of Palms Pest Control Co. v. Monticello Ins. Co.*, 459 S.E.2d 318, 319 (S.C. Ct. App. 1994). In interpreting the scope of insurance coverage, ambiguous terms in a policy are construed against the insurer. *See Diamond State Ins. Co. v. Homestead Indus.*, 456 S.E.2d 912, 915 (S.C. 1995).

Additionally, an insurer can be liable for consequential damages as the result of a bad faith or unreasonable refusal to award benefits. *See Nichols v. State Farm Mut. Auto. Ins. Co.*, 306 S.E.2d 616, 619 (S.C. 1983).[1] To establish such a claim, a plaintiff must prove that "there was no reasonable basis to support the decision of the insurance company." *Varnadore v. Nationwide Mut. Ins. Co.*, 345 S.E.2d 711, 713-14 (S.C. 1986) (internal quotation marks omitted). When there is conflicting evidence concerning the existence of a reasonable basis for denial of a claim, the issue is generally one for the jury. *See State Farm Fire & Cas. Co. v. Barton*, 897 F.2d 729, 731 (4th Cir. 1990) (applying South Carolina law).

Because the dispute here centers on the question of whether Fabri was an insured under the policy with regard to statements she made as a volunteer or employee of Citizens, we begin our analysis by reviewing the policy language relevant to that question. The policy states that "you" and "your" refer to "the Named Insured shown in the Declarations." J.A. 400 (internal quotation marks omitted). The policy declarations list Fabri as a named insured. The policy further states, with some exceptions not applicable here, that "[a]ny organization you newly acquire or form" also "will qualify as a Named Insured" for 180 days from the date the organization is acquired or formed. *Id.* at 427. Again with certain exceptions not applicable here, the policy also provides that "[y]our `employees'" are insureds. *Id.* at 425.

---

[1] If the plaintiff can prove the insurer acted wilfully or recklessly, she can also recover punitive damages. *See id.*

4

Finally, "[a]ny person(s) who are volunteer worker(s) for you . . . while acting at the direction of, and within the scope of their duties for you" are additional insureds under the policy. *Id.* at 427.

The district court determined that there was sufficient evidence for a jury to reasonably conclude that Citizens qualified as a newly formed organization and therefore was a "named insured" under the policy. Although it was Fabri and not Citizens that was sued, the court ruled that the jury could have reasonably found that Fabri was entitled to coverage as an employee or volunteer of a named insured— Citizens. With regard to the bad faith claim, the holding of the district court that Fabri's evidence was insufficient appears to rest on the testimony of Fabri's own expert that he "underst [oo]d" The Hartford's rationale for refusing to defend Fabri.[2] *Id.* at 233.

The Hartford does not contend that the complaint in the George suit ("the George complaint") foreclosed the possibility that Fabri would be found liable for statements she made as an employee or volunteer of Citizens. Nor does The Hartford argue that the George complaint excluded the possibility that Citizens was "newly . . . form[ed]" at the relevant time. The Hartford does advance several other arguments, however, that it was not obliged to defend Fabri, and that *a fortiori* it had a reasonable basis for refusing to provide a defense. We will address these arguments seriatim.

The Hartford first contends that Citizens did not constitute an "organization" as the term is used in the policy. The policy does not define "organization," but the ordinary meaning of the word in this context is "[a] number of individuals systematically united for some end or work." *Funk & Wagnalls Standard Dictionary* 556 (1980); *see Fritz-Pontiac-Cadillac-Buick v. Goforth*, 440 S.E.2d 367, 369 (S.C. 1994) (stating that insurance policy language is to be given its plain meaning). The Hartford points to nothing in the George complaint, or anything else in the record, that would lead to the conclusion that Citizens did not fit this definition. Indeed, Fabri testified that Citizens

---

[2] The district court was not clear regarding its reasons for granting The Hartford's motion on the bad faith claim. However, the court told Fabri's counsel that "[i]f you reread your own expert's testimony, there's no bad faith." *Id.* at 281.

5

had a treasurer, a campaign manager, and a consultant, and that to maintain the organization, she was required to make several filings with the government and open a separate bank account.

The Hartford also argues that because the pertinent sections of the policy are included in a form titled "Business Liability Coverage Form," J.A. 416, "organization" refers only to business organizations. Because "organization" is not defined in the policy, however, it must be given its plain meaning, which includes all types of organizations, not just business organizations. And, when the language of a policy clause has a clear meaning, the caption of the policy may not be used to compel a different construction. *See Provident Life & Accident Ins. Co. v. Anderson*, 166 F.2d 492, 495 (4th Cir. 1948) (applying South Carolina law). Thus, nothing in the George complaint or elsewhere demonstrated that Citizens was not an organization—and thus, a named insured—under the policy. And, a jury could reasonably find that The Hartford lacked a reasonable basis for asserting otherwise.

The Hartford further contends that even if Citizens is a named insured by virtue of being a newly formed organization, and even though the policy states that "[y]our `employees'" and "volunteer worker(s) for you" are insured, Citizen's employees and volunteers could not have been insureds because "you" and "your" in the policy refer only to "Named Insured *shown in the Declarations*." J.A. 400 (emphasis added). The Hartford correctly notes that the only named insured listed in the declarations is Fabri, and that Citizens is not listed in the declarations. The Hartford essentially argues that reading "you" and "your" to refer to named insureds not shown in the declarations makes surplusage of "shown in the Declarations." *See Burch v. S.C. Cotton Growers' Co-Op. Ass'n*, 187 S.E. 422, 424 (S.C. 1936) (per curiam) ("A contract should be construed so as to give, if possible, full force and effect to every part of it."); *L-J, Inc. v. Bituminous Fire & Marine Ins. Co.*, 567 S.E.2d 489, 492 (S.C. Ct. App. 2002) (stating that insurance policies are interpreted according to general rules of contract construction).

Although The Hartford may be correct that this interpretation makes surplusage of "shown in the Declarations," the contrary interpretation would make surplusage of "Named" in the subsection providing that a newly formed organization is a "Named Insured" for 180

6

days after the organization is formed. The Hartford's interpretation would also produce the anomalous result that although the volunteers working for the named insured shown in the declarations are insured, and an organization newly formed by the named insured shown in the declarations receives temporary coverage, volunteers of the newly formed organization would receive no coverage whatsoever. For both of these reasons, we conclude that the policy can reasonably be read to mean that when an entity is a named insured—as a newly formed organization is—it is treated as if it were *listed in the declarations* as a named insured. And, a reasonable jury could conclude that no reasonable insurer would fail to understand that the policy was at least ambiguous on this point.

The Hartford next contends that Fabri could not have been an insured by virtue of her status as a volunteer or employee of Citizens because the policy states under Section C, "WHO IS AN INSURED," subsection (1), that "[i]f you are designated in the Declarations as . . . [a]n **individual**, you and your spouse are insureds, *but only with respect to the conduct of a business of which you are the sole owner.*" J.A. 425 (second emphasis added). Because Fabri was designated in the declarations as an individual, and because Citizens was not a business, The Hartford argues that Fabri could not be an insured under any subsection of the policy. We do not read that language to require that result, however. Rather, we believe the language is most reasonably read as limiting only Fabri's coverage as an insured *under that subsection* but not foreclosing the possibility that Fabri could be an insured by virtue of subsection (C)(2), under which she claims coverage. If The Hartford had wanted the language in subsection (C)(1) to serve as a limitation on coverage provided not only in that subsection, but also in other parts of the policy, it could have identified it as an exclusion instead of including it with other general coverage provisions. *See* 2 *Couch on Insurance* § 22:31 (3d ed. 2003) (stating that "[a]n exclusion should . . . be . . . prominently placed and . . . clearly phrased"). The Hartford not having done so, we conclude that a jury could reasonably find that this language did not serve as an appropriate basis for The Hartford's refusal to defend Fabri, and that it did not even constitute a reasonable basis for the refusal to defend.

Finally, The Hartford maintains that Fabri could not have been an insured in her capacity as an employee or volunteer of Citizens

7

because Citizens was not named as a defendant in the George suit. That Citizens was not named as a defendant is irrelevant, however, as the district court correctly concluded that Fabri herself was an insured by virtue of her status as an employee or volunteer of Citizens. Thus, a reasonable factfinder could conclude this was not a reasonable basis justifying The Hartford's refusal to defend.

For all these reasons, we conclude that a jury could have reasonably found that the George complaint left open the possibility that The Hartford would be required to indemnify Fabri for liability arising out of the George suit and that The Hartford had no reasonable basis for taking a contrary position. We therefore affirm the denial of The Hartford's motion for judgment as a matter of law on the breach of duty claim and reverse the grant of The Hartford's motion for judgment as a matter of law on the bad faith claim.[3]

### III.

Fabri also argues on cross-appeal that the district court erred in denying her motion for a new trial on the issue of damages. We disagree.

We review for abuse of discretion a decision by the district court regarding whether to grant a motion for partial new trial. *See Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 599 (4th Cir. 1996). When it appears that the verdict was the result of a compromise between liability and damages, a new trial on damages is not appropriate. *See id.*

Here, Fabri's attorney testified as to the reasonableness of her defense and the cost, $147,524.45. The sole damages issue that The Hartford contested was the reasonableness of Fabri's counsel's $250

---

[3] We note that the district court appeared to base its decision on the bad faith claim on the fact that Fabri's expert testified that he "underst[oo]d" The Hartford's position. J.A. 233. However, the fact that the expert understood The Hartford's position does not mean that he found it to be reasonable. We therefore believe that nothing in the expert's testimony would have precluded a finding by the jury that there was no reasonable basis for The Hartford's refusal to defend.

8

hourly rate. The Hartford asserted that the reasonable cost of Fabri's defense was approximately $103,000. The jury, however, awarded only $75,000.

Under these circumstances, the jury verdict appears to have been a compromise between a finding for The Hartford and a finding for Fabri for nearly $150,000. Alternatively, the jury may simply have discredited both parties' positions regarding the amount of a reasonable fee and independently determined that $75,000 was a reasonable amount.[4] Thus, the district court did not abuse its discretion in denying Fabri's motion for a new trial on damages.

## IV.

For the foregoing reasons, we affirm the denial of The Hartford's motion for judgment as a matter of law on the breach of duty claim. We also affirm the denial of Fabri's motion for a new trial on damages. However, we reverse the grant of The Hartford's motion for judgment as a matter of law on the bad faith claim and remand to the district court for resolution of this claim.

*AFFIRMED IN PART, REVERSED IN PART, AND REMANDED*

---

[4] The jury was instructed that damages would be the amount of the reasonable cost of Fabri's defense. It was not instructed that such cost could be no less than the amount that The Hartford advocated.

9