### BROWN MACHINE WORKS & SUPPLY, INC., Plaintiff,

v.

### INSURANCE COMPANY OF NORTH AMERICA, INC., and Bodi & Wachs Aviation Insurance Agency, Defendants.

### Civil Action No. 92–D–1339–E.

United States District Court,
M.D. Alabama,
Eastern Division.

Sept. 16, 1996.

---

See also 659 So.2d 51.

E. Paul Jones, Clayton K. Taylor, Alexander City, AL, for plaintiff.

Robert C. Foster, Birmingham, AL, Jack J. Hall, Patrick R. Norris, Birmingham, AL, Thomas R. Elliott, Allen R. Culpepper, Birmingham, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is defendants Bodi & Wachs Aviation Insurance Agency ("Bodi & Wachs") and Insurance Company of North America's ("INA") motions for summary judgment, filed December 29, 1993. Plaintiff Brown Machine Works & Supply, Inc. ("Brown") responded to Bodi & Wachs and INA's motions on January 20, 1994, and January 24, 1994, respectively. Thereafter, the parties filed several rebuttal briefs.

Brown's complaint against INA and Bodi & Wachs seeks relief for breach of contract, fraud, negligence, bad faith failure to pay and the tort of outrage. On February 11, 1994, the court certified to the Supreme Court of Alabama two questions of law, which the court deemed determinative of the breach of contract and fraud claims and simultaneously stayed this action. On March 31, 1995, the Supreme Court of Alabama released an opinion, therein answering the certified questions. *See Brown Machine Works & Supply Co. v. Insurance Co. of North America,* 659 So.2d 51 (Ala.1995). In light of the Supreme Court of Alabama's answers and upon consideration of the parties' arguments and the record as a whole, the court finds that the defendants' motions are due to be granted in part and denied in part.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court has stated:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The Supreme Court has noted, on the other hand, that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is

merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986) (citations omitted). Summary judgment is improper "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. *See Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir.1989). At the summary judgment stage, the court must construe the evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552 (citing Fed.R.Civ.P. 56(c)).

### FINDINGS OF FACT

On September 11, 1992, Brown filed this action against INA in the Circuit Court of Tallapoosa County, Alabama. Subsequently, INA removed this action to the United States District Court for the Middle District of Alabama and predicated removal jurisdiction under 28 U.S.C. §§ 1332 and 1441.[1] Upon motion of Brown, the court permitted Brown to amend the complaint to add Bodi & Wachs as a defendant. The facts of this case are concisely set forth in the Supreme Court of Alabama's opinion, from which the court quotes:

In June 1991, Brown Machine Works & Supply Co., Inc. ("Brown"), the owner of a 1973 Cessna 421 aircraft, entered into a contract with Texas Corporate Aircraft Sales, Inc. ("TCAS"), under which TCAS would attempt to sell the aircraft. The parties agreed that TCAS would take possession of the aircraft in exchange for a check in the amount of $100,000—post-dated to October 15, 1991. The parties agreed that if the aircraft was not sold within 120 days, then Brown would accept the check as payment in full for the aircraft.

The parties also agreed that TCAS would provide insurance on the aircraft while it was in the possession of TCAS. TCAS had a "blanket policy" with Insurance Company of North America ("INA") on all the aircraft it possessed. Coverage under that policy for Brown's Cessna 421 was issued by INA and was secured through Bodi & Wachs Aviation Insurance Agency ("Bodi & Wachs").

On June 5, 1991, Brown received from TCAS a copy of a certificate of insurance issued by Bodi & Wachs on behalf of INA. The certificate of insurance stated, in pertinent part, the following:

"Brown Machine & Supply Company is named as the owner/lessor and additional insured only as respects the operations of the named insured effective 6/6/91.

"Certificate of Insurance does not amend, extend, or otherwise alter the terms and conditions of insurance coverage contained in policies listed above issued by Insurance Company of North America."

The certificate also has "All Risks" printed under the "Aircraft Physical Damage" designation of the type of policy and lists the corresponding "Limits of Liability" as being "Not Less than ... $105,000 Value Insured."

It is undisputed that Brown did not obtain a copy of the policy of insurance until after Brown had filed a complaint against INA and Bodi & Wachs. In October 1991,

---

1. Section 1441 states in part that "... any civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending...." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a district court has original jurisdiction over all cases where citizens of different states are involved and the amount in controversy exceeds $50,000, exclusive of interest and costs.

Brown discovered that TCAS by forging a certificate of title to the aircraft, had sold it to a third party. Brown then attempted to cash the $100,000 check, but TCAS had stopped payment on it.

Brown began to inquire whether the policy issued by INA provided theft coverage. The parties dispute when and if a representative of Brown actually spoke with a representative at Bodi & Wachs. The parties also dispute whether a representative at Bodi & Wachs informed Brown that it had coverage for the theft of its aircraft. On July 22, 1992, Brown filed a claim with INA for coverage under the policy's theft provision. The policy INA had issued to TCAS had been canceled in October 1991 for nonpayment of premiums. INA rejected Brown's claim, asserting that the policy did not provide for theft coverage to Brown as an additional insured and that, even if it did, exclusion 12 of the policy excluded coverage for "conversion." [2] The parties dispute whether TCAS's illegal sale of the aircraft constituted conversion or theft.

*Brown Machine Works & Supply Co.,* 659 So.2d at 53.

In Count I of the complaint, Brown alleges that the insurance policy at issue was in full force and effect when the aircraft was stolen but that the defendants have failed, refused and/or declined to pay Brown the monetary sum allegedly owed to it pursuant to the terms and conditions of the insurance policy. In Count II, Brown alleges that the defendants are liable for negligence and the bad faith denial of Brown's claim.

In Count III, Brown alleges that the defendants made false representations to it regarding the scope of coverage under the insurance policy. Finally, in Count IV, Brown avers that the defendants are liable for the tort of outrage in failing and refusing to deal with Brown in a good faith manner required by law.

## DISCUSSION

### I. Breach of Contract (Count I)

#### A. Choice of Law

■ In their briefs in response to the Supreme Court of Alabama's answers to this court's certified questions of law, the defendants assert for the first time in this litigation that Texas law applies to Brown's breach of contract claim, not Alabama law. The Supreme Court in *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), held that in diversity actions, federal courts must apply the substantive law of the state in which they sit. Hence, the court must apply the conflict of law rules regarding breach of contract actions in Alabama. In breach of contract actions, the law of the state in which the contract was *executed* determines the rights and liabilities of the parties. *See Harrison v. Insurance Co. of North America,* 294 Ala. 387, 391, 318 So.2d 253 (1975). Where the last act is "receipt and acceptance" of an insurance policy, the court must apply the law of the state where this last act occurred. *Industrial Chem. & Fiberglass v. North River Ins. Co.,* 908 F.2d 825, 829 n. 3 (11th Cir.1990).

■ Because the subject insurance policy originally was issued to TCAS and mailed to TCAS in Texas (and, thus, received and accepted there), the defendants argue that Texas is the state where execution of the contract occurred. However, as discussed below, a material factual issue at dispute in this case is whether the defendants were required to deliver a copy of the insurance policy to Brown. If the answer is "yes," then application of Alabama law would be appropriate because Brown is located in Alabama. Because the court must view the evidence in the light most favorable to Brown, the court will presume for purposes of determining choice of law, that Brown was

---

**2.** Exclusion 12 provides as follows:
"[This Policy Does Not Apply:]
"As respects Coverage A, to loss due to conversion, embezzlement, or secretion by any person in lawful possession of the aircraft under a lease or rental agreement, conditional sale, mortgage or other encumbrances...."

Coverage A provides that INA agrees with the insured "To pay for any loss of or damage to the aircraft while in flight or not in flight; also disappearance if the aircraft is missing and not reported for sixty (60) days after commencing flight."

in fact entitled to a copy of the insurance policy. In other words, if as alleged by Brown, he was entitled to a copy of the insurance policy, delivery and acceptance thereof would have been effected in Alabama. Accordingly, the court will apply Alabama law to Brown's breach of contract claim.

### B. Bodi & Wachs

■ While not clearly articulated, Brown's breach of contract claim against Bodi & Wachs appears to be premised upon the failure of Bodi & Wachs to procure and maintain an effective insurance policy. "In Alabama, when an insurance broker [or agent] fails in the duties he assumes, one can sue him either for breach of contract or in tort." *First Alabama Bank of Montgomery, N.A. v. First State Ins. Co.*, 899 F.2d 1045, 1067 (11th Cir.1990) (citing *Highlands Underwriters Ins. Co. v. Elegante Inns, Inc.*, 361 So.2d 1060, 1065 (Ala.1978) (per curiam) (brackets added)). In *Highlands,* the Supreme Court of Alabama set forth the applicable law:

> [W]hen an insurance agent or broker, with a view to compensation, undertakes to procure insurance for a client, and unjustifiably or negligently fails to do so, he becomes liable for any damage resulting therefrom.
>
> Once the parties have come to an agreement on the procurement of insurance, the agent or broker must exercise reasonable skill, care, and diligence in effecting coverage. When the agent or broker has failed in the duty he assumes, the principal may sue either for breach of the contract or, in tort, for breach of the duty imposed on the agent or broker.

*Id.* (citations omitted).

The court finds that genuine issues of material fact exist regarding Brown's breach of contract claim against Bodi & Wachs. It is undisputed that, without Brown's knowledge, the insurance policy at issue was canceled in October 1991 for nonpayment of premiums.

These premiums were to be paid by TCAS. Brown further asserts that in November 1991, one of its employees spoke with a representative of Bodi & Wachs, who said that Brown had coverage under the policy for the theft of its aircraft. While Bodi & Wachs denies that this conversation occurred, the court finds that a conflict in such critical evidence is meant for resolution by trial. In other words, the court finds that there is a factual dispute about whether Bodi & Wachs had agreed to maintain the insurance policy (or had an obligation, when asked by Brown, to inform it that the policy had been canceled) and whether Bodi & Wachs "exercise[d] reasonable skill, care, and diligence in effecting coverage." *Id.* Accordingly, the court finds that Bodi & Wachs' motion for summary judgment on Brown's breach of contract claim is due to be denied.

### C. INA

The questions of law certified to the Supreme Court of Alabama are dispositive of INA's motion for summary judgment on Brown's breach of contract claim. INA argues in brief that it is relieved from paying Brown's claim for theft of the aircraft because of the applicability of the following two policy provisions: First, INA states that the conversion/embezzlement exclusion excludes coverage for the alleged theft; second, because Brown failed to comply with the policy provisions requiring notice of a theft "as soon as practicable," INA contends that Brown's claim under the insurance policy is barred. In opposition to summary judgment, Brown argues that because INA failed to deliver a copy of the insurance policy to it, as provided in § 27–14–19[3] of the *Alabama Code,* INA should be estopped from asserting the limitations and exclusions of the policy of which Brown had no knowledge.

■ Finding no controlling authority on this issue, the court certified the following question of law to the Supreme Court of Alabama:

> person entitled thereto within a reasonable period of time after its issuance, except where a condition required by the insurer has not been met by the insured.

**3.** Section 27–14–19 of the *Alabama Code* (1975) provides:

  (a) Subject to the insurer's requirements as to payment of premium, every policy shall be mailed or delivered to the insured or to the

In a breach of contract action when an insurer fails to deliver a copy of the policy to an insured in accordance with Ala.Code 1975, § 27–14–19, but does provide a certificate of insurance which sets out the general coverage without enumerating the limitations and exclusions, is the insurer estopped from asserting an otherwise valid exclusion?

The Supreme Court answered "yes." The Supreme Court noted that there were no cases that interpreted or cited § 27–14–19. Therefore, the Supreme Court conducted an extensive analysis of the law in surrounding jurisdictions (Louisiana, Georgia, Utah and Tennessee). The court need not recap the Supreme Court's opinion on this point but does emphasize the Supreme Court's conclusion: After weighing the persuasive authorities of other states, the Supreme Court held that "when an insurer has not complied with § 27–14–19 and its failure to comply has prejudiced the insured, the insurer may be estopped from asserting an otherwise valid coverage exclusion."[4] *Id.* at 58.

■ The answer to this question also raised a subissue, that is, whether, within the meaning of § 27–14–19 of the *Alabama Code* (*see supra* at 9 n. 3), Brown is an "insured" or a "person entitled" to a copy of the insurance policy. *Id.* The Supreme Court, however, declined to decide Brown's status and stated that such a determination was a question of fact for the jury to decide. *Id.* at 60. The Supreme Court explained that if Brown's status fell within the operative phrase of the statute (i.e., an "insured or . . . [a] person entitled" to a copy of the policy), then the mere delivery of a certificate of insurance would not be sufficient to comply with the statute. *Id.* at 61. However, if Brown's status was not that of an "insured or . . . [a] person entitled" to a copy of the policy, then the "effect of the delivery of the certificate of insurance should be determined by the existing law on the issue; our existing law in unaffected by this decision." *Id.*

The Supreme Court did, however, "employ a hypothetical spectrum of possible insureds or of persons to whom benefits may possibly be owed under an insurance policy." *Id.* at 60. That is, The Supreme Court stated that

[o]n one end of the spectrum are the purchaser of the policy and the named insured, both of whom we have concluded are definitely included in the phrase "the insured or . . . the person entitled thereto," as it is used in § 27–14–19. On the other end are incidental beneficiaries and beneficiaries of a group policy, who we conclude are probably excluded from the statutory phrase and are therefore not individually entitled to copies of the policy, absent an inquiry, even though they may be "insureds." We do not read the statute as being so broad as to extend the right to receive a copy of a policy to all persons who may claim some coverage rights under the policy. A balance must be struck between the beneficent purpose of the statute and the burden it places upon the insurance company.

Between the ends of the spectrum are the remainder of the classes of insured: named and unnamed additional insureds, third-party beneficiaries, fleet policy beneficiaries, etc. The question of Brown's status, given the evidence in this case, and the question of which end of the spectrum the INA/TCAS policy is closest to are for the parties to argue to the trier of fact.

*Id.* at 60.

In their briefs, the parties have presented their respective arguments to the court regarding Brown's status. However, based upon the reasoning of the Supreme Court of Alabama and its conclusion that the issue of

---

**4.** The Supreme Court also mentioned (although the parties did not) the general rule in Alabama that " 'coverage under an insurance policy cannot be enlarged by waiver or estoppel.' " *Id.* at 53 (quoting *Johnson v. Allstate Ins. Co.,* 505 So.2d 362, 365 (Ala.1987)). However, the court noted that the certified question, *supra,* created an exception to this general rule and relied on § 27–1–12 of the *Alabama Code,* which provides for the imposition of a criminal fine for any

" 'willful violation' " of the provisions of the " 'Insurance' " title of the *Alabama Code. Id.* at 58. The Supreme Court of Alabama reasoned that where the insured has been greatly prejudiced, the mere imposition of a criminal fine may not adequately deter an insurer but applying the equitable doctrine of "estoppel in certain circumstances provides a deterrent to violating the statute and also protects the insured." *Id.*

where Brown's status falls on the spectrum is for the jury to decide, the court finds that INA's motion for summary judgment is due to denied on Brown's breach of contract claim.[5]

## II. Fraud: Misrepresentation & Suppression of a Material Fact (Count III)

Brown bases his fraud claims against Bodi & Wachs and INA on the theories of misrepresentation and suppression of a material fact. *See* Pl.'s Br. in Opp. to Bodi & Wachs' Mot.Summ.J., filed Jan. 20, 1994, at 6–7; *see also* Pl.'s Br. in Opp. to INA's Mot.Summ.J., filed Jan. 24, 1994, at 10–13. Alabama has codified the common law of fraud in § 6–5–100 through § 6–5–104 of the *Alabama Code.*

■ To succeed on a fraud claim based upon a misrepresentation, a plaintiff must show: (1) a false representation of a material existing fact made intentionally, recklessly or innocently; (2) action by the plaintiff in justifiable reliance upon the misrepresentation; and (c) damage to the plaintiff proximately resulting from his or her reliance. *Ala.Code* § 6–5–101 (1975); *see also Salter v. Alfa Ins. Co.,* 561 So.2d 1050, 1053 (Ala.1990). Furthermore, § 6–5–102 of the *Alabama Code* states that "[s]uppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relationship of the parties or from the particular circumstances of the case."

### A. Bodi & Wachs

■ The court finds that the same facts that preclude the granting of summary judgment on Brown's breach of contract claim against Bodi & Wachs also support a denial of summary judgment on the fraud claims.

Specifically, Brown asserts that, after being told by a representative of Bodi & Wachs that theft coverage was in effect under the insurance policy (said facts of which are disputed), Brown relied on this representation and canceled its own insurance policy on the subject aircraft.

■ If this conversation occurred, as Brown alleges, then it matters not, under Alabama law, whether the representation was innocent or intentional or a concealment of the true facts. *See First Alabama Bank v. First State Ins. Co.,* 899 F.2d 1045, 1056 (11th Cir.1990) (Actionable fraud in Alabama " 'may arise from a willful deception, an innocent misrepresentation concerning an existing fact, a reckless misrepresentation made without knowledge of its falsity, or the suppression of a material fact rather than an active misstatement.' ") (citations omitted). Accordingly, the court finds that summary judgment is due to be denied on Brown's fraud claims against Bodi & Wachs.

### B. INA

■ Brown argues that INA is liable for Bodi and Wachs' alleged misrepresentations, as discussed *supra,* on the theory that Bodi & Wachs is INA's soliciting agent. INA, on the other hand, argues that Bodi & Wachs is an independent broker. The Supreme Court of Alabama in *Washington Nat'l Ins. Co. v. Strickland,* 491 So.2d 872 (Ala.1985), explained the distinction between soliciting agents and independent brokers:

> An insurance company ... has the right to employ agents with limited authority. *Robinson v. Aetna Insurance Co.,* 128 Ala. 477, 30 So. 665 (1901). A "special agent," as distinguished from a "general agent," is authorized to act for the principal only in a particular transaction, or in a particular way. *Southern States Fire Insurance Co.,*

---

**5.** The second question that the court certified to the Supreme Court of Alabama is as follows:
> Would it alter the opinion of the Court if, in addition to the above facts, the insurer's agent made representations to the insured that the insured had full coverage under the policy upon which the insured relied to its detriment?

The Supreme Court answered that
> Bodi & Wachs's alleged misrepresentations do not alter the Court's opinion. If the facts

alleged by Brown as to Bodi & Wachs's conduct constitute fraud, that is a separate matter. Such facts, whether or not they are sufficient to establish fraud, do not affect whether Brown is "the insured or ... the person entitled thereto," but they may be relevant, if § 27–14–19 is found to apply, in determining whether Brown was prejudiced by the insurer's failure to comply with the statute.
*Id.* at 61.

*supra,* 199 Ala. at 171, 74 So. at 67. In the insurance context, the most prevalent type of special agent is the "soliciting agent." A soliciting agent is different from a general agent in that he has no power to bind his insurer principal in contract. *Watson v. Prudential Insurance Co.,* 399 So.2d 285 (Ala.1981). However, when a soliciting agent commits a fraud upon one who seeks insurance coverage, his insurer principal will be liable for that fraud, if the fraud was perpetrated by the agent within the scope of his employment. The liability of an insurer for the fraudulent acts of its soliciting agents is grounded in the doctrine of "respondeat superior," and not the doctrine of agency. *National States Insurance Co. v. Jones,* 393 So.2d 1361 (Ala. 1980). Since a soliciting agent is regarded as the "servant" of the insurer "master," the insurer has the full right of control over the agent's actions.... Where a soliciting agent commits fraud the insurer's liability is vicarious, and the principal is liable in spite of the fact that he did not participate in the fraud, or even forbade it. *National States Insurance Co. v. Jones, supra,* at 1367.

An independent agent or broker is usually not an agent for the insurer at all; rather, he is the agent of the insured. *See* Code 1975, § 27–7–1. For example, this Court has held that when an independent agent or broker fails in his duty to obtain insurance coverage, the principal may sue either for a breach of contract, or, in tort, for breach of duty imposed on the agent or broker to sue reasonable skill, care, and diligence in obtaining insurance. *Highlands Underwriters Insurance Co. v. Elegante Inns,* 361 So.2d 1060 (Ala.1978). In *Highlands,* the principal was the insured.

. . . . .

Although an independent agent or broker is normally an agent for the insured, for some purposes he may at the same time be an agent for the insurer as well. *See Mobile Insurance, Inc. v. Smith,* 441 So.2d 894 (Ala.1983). In such cases, if the insurer principal authorizes the agent to make representations, and the agent makes those representations within the scope of his authority to make them, the principal will be liable if those representations are false. In other words, an insurer's liability for the fraud of an independent agent or broker is predicated upon actual or apparent authority conferred upon the agent/broker by the insurer to make representations on the insurer's behalf. The doctrine of respondeat superior does not apply in the independent agent or broker situation because the insurance company does not exert sufficient control over the activities of the agent/broker to put him in the same position as a company employee. An independent agent or broker can never impose liability upon his principal for representations that are not authorized by the principal.

*Id.* at 874–75.

Here, the court finds that, based upon the evidence, Bodi & Wachs' status as either a soliciting agent or independent broker is in dispute. *See Secor Bank v. Bailey,* 596 So.2d 900, 901 (Ala.1992) (" '[G]enerally, a dispute over the existence of an agency relationship involves a question of fact for the jury.' ") (citation omitted). Both INA and Bodi & Wachs strongly contend that Bodi & Wachs is an independent broker and state that, as an independent broker, Bodi & Wachs has no authority to bind coverage on behalf of INA. Furthermore, according to the defendants, Bodi & Wachs' role was limited as follows:

When insurance coverage is desired for an airplane in the possession of [TCAS], INA is notified by Bodi & Wachs through a monthly reporting form to include this plane on [the policy at issue]. The aircraft listed on this reporting form determines the premium owed. In June of 1991, Bodi & Wachs was notified that a Cessna 4218 aircraft, ... was to be added onto the INA policy issued to [TCAS]. A monthly reporting form was submitted for this purpose.

Bodi's Aff. at 1–2.

Regardless of whether Bodi & Wachs is an independent broker or a soliciting agent (a determination of which is better left for the jury), Bodi & Wachs can be held liable for fraud in either capacity under the circumstances explained in *Strickland, supra.* If

the jury finds that Bodi & Wachs made the representations to which Brown attests and further finds that such representations constitute fraud, then the court finds that not only does a factual question exist regarding Bodi & Wachs' status but also whether respondeat superior or actual and/or apparent authority renders INA liable for Bodi & Wachs' representations allegedly made to Brown. Brown's allegations indicate that Bodi & Wachs had seemingly *carte blanche* authority to add aircraft to INA's insurance policies and that Bodi & Wachs had routinely accepted premiums on behalf of INA.

The court finds that these facts raise questions about whether Bodi & Wachs also had authority from INA to make representations regarding the scope of insurance coverage. For these reasons, the court finds that there are genuine issues of material fact regarding whether an alleged legal relationship existed between INA and Bodi & Wachs so that INA may be held liable for the alleged representations made by Bodi & Wachs to Brown. Accordingly, the court finds that summary judgment is due to be denied on INA's motion for summary judgment on Brown's fraud claims.

### III. Bad Faith Failure to Pay and the Tort of Outrage (Counts II & IV)

Brown concedes that summary judgment is due to be granted on its claims against Bodi & Wachs and INA for bad faith failure to pay and for the tort of outrage. *See* Pl.'s Br. in Opp. to Bodi & Wachs' Mot.Summ.J., filed Jan. 20, 1994, at 8 & 9 ("Based upon the current law as set out by the Alabama Courts at this time, Plaintiff[ ] would be unable to meet [its] burden of proof."); *see also* Pl.'s Br. in Opp. to INA's Mot.Summ.J., filed Jan. 24, 1994, at 8 & 13 (same). Accordingly, the court finds that summary judgment is

due to be granted in favor of Bodi & Wachs and INA on these two claims contained in Count II and Count IV of the complaint.[6]

### ORDER

Accordingly and for the foregoing reasons, it is CONSIDERED and ORDERED that Defendants Insurance Company of North America, Inc., and Bodi & Wachs Aviation Insurance Agency's motions for summary judgment on Plaintiff Brown Machine Works & Supply, Inc.'s claims for breach of contract (Count I) and fraud (Count III) be and the same are hereby DENIED.

It is further CONSIDERED and ORDERED that Defendants Insurance Company of North America, Inc., and Bodi & Wachs Aviation Insurance Agency's motions for summary judgment on Plaintiff Brown Machine Works & Supply, Inc.'s claims for bad faith failure to pay (Count II) and the tort of outrage (Count IV) be and the same are hereby GRANTED.

---

6. Count II also pleads a claim for negligence. The defendants have not addressed this claim in their respective motions for summary judgment. Hence, the court finds that the negligence claim is viable. However, even assuming *arguendo* that the defendants had moved for summary judgment on the negligence claim, the court finds that the factual disputes which preclude the court from granting summary judgment on the other claims in the complaint likewise would require the court to deny summary judgment on

the negligence claim. *See generally Spurlin v. General Motors Corp.,* 528 F.2d 612 (5th Cir. 1976) (In a negligence action where Alabama law governs, a plaintiff must show that the defendant owed him or her a legal duty, which the defendant breached, thereby proximately causing the plaintiff to suffer injury.); *see Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc) (adopting as precedent in the Eleventh Circuit all decisions of the former Fifth Circuit rendered prior to October 1, 1981).