**Keith L. MILLER, Plaintiff,**

v.

**AMERICAN BANKERS INSURANCE GROUP, a/k/a American Bankers Insurance Company of Florida, Defendant.**

**No. 97–4345–CIV.**

United States District Court,
S.D. Florida.

April 30, 1999.

---

Steven Mark Rosen, Miami, FL, for Plaintiff.

John Heyward Hickey, Hickey & Jones, P.A., Miami, FL, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

MORENO, District Judge.

The Plaintiff filed suit against the Defendant for breach of contract on a flood insurance policy four years after Defendant rejected Plaintiff's property damage claim. The Defendant argues that the Plaintiff's claim is barred by a one-year statute of limitations, which applies to all standard flood insurance policies. The Plaintiff contends that the Defendant is estopped from making a statute of limitations argument because the Defendant failed to deliver a copy of the flood insurance policy to the Plaintiff. The Court finds that the Plaintiff's claim is barred by the one-year statute of limitations, and therefore Defendant's motion for summary judgment is GRANTED.

### LEGAL STANDARD

Summary judgment is authorized when there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex*

Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position. A jury must be able reasonably to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## BACKGROUND

The Plaintiff, Keith Miller, owns a residential apartment complex in Miami Beach, Florida. Miller's property is made up of two separate buildings: a three-story building with six units and a two-story adjacent building with three units. At the time the Plaintiff purchased the property in 1987, the property was covered for flood insurance by Defendant American Bankers Insurance Group ("ABIG") through its agent AMPAC Insurance Associates, Incorporated. Miller decided to maintain the same flood insurance and informed ABIG of the change in ownership of the property.

The Plaintiff's property was flooded after Hurricane Andrew struck the Miami area on August 24, 1992. In the spring of 1993, the Plaintiff noticed that the southeast corner of the two story building on his property was cracking and sinking. The Plaintiff was advised by several contractors that the settlement was the result of the flooding that had occurred due to Hurricane Andrew.

Miller contacted ABIG and AMPAC regarding the flood damage to his property. On June 22, 1993, the Defendant notified Miller by letter that his claim was denied because the flood insurance policy did not include the two-story building on his property. The Plaintiff contacted the Defendant after his claim was denied, explaining that he never received a copy of his insurance policy and had never been informed that his coverage was limited to the three-story apartment building on his property.

1. AMPAC was dismissed from this case on

The Plaintiff made the repairs to the two-story building at a cost of $50,000. The Plaintiff filed suit against ABIG and AMPAC[1] in state court for breach of contract on August 19, 1997—over four years after ABIG had denied the claim. The Defendants removed the case to federal court on December 19, 1997.

## ANALYSIS

The Defendant argues that the Plaintiff is barred from bringing suit because the flood insurance policy contains a one-year statute of limitations. Section VII, ¶ U of the Standard Flood Insurance Policy states that "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after the date of mailing of notice of disallowance or partial disallowance of the claim."

The Plaintiff concedes that the policy includes a twelve month statute of limitations and that he filed suit outside of that limitations period, but he argues that the Defendant is estopped from using the statute of limitations defense because Plaintiff never received the policy and was not aware of the twelve-month limitations period for filing suit. For purposes of this motion for summary judgment, ABIG must accept Miller's allegation that he never received a copy of the insurance policy. The issue, therefore, is whether the Defendant is estopped from asserting a statute of limitations defense because the Defendant failed to provide the Plaintiff with a copy of the insurance policy.

The Plaintiff relies heavily on *Brown Machine Works & Supply, Inc. v. Insurance Co. of N. Am., Inc.*, 951 F.Supp. 988 (M.D.Ala.1996), to support his argument that estoppel is the appropriate remedy in this case. In *Brown*, the district court held that under Alabama law, an insurer may be estopped from asserting otherwise

June 30, 1998.

valid coverage exclusions when it has failed to comply with an Alabama statute requiring the insurer to deliver a copy of the policy to the insured within a reasonable time period. *Id.* at 993–94. The Plaintiff argues the Defendant violated an identical Florida law by failing to deliver a copy of the flood insurance policy to the Plaintiff. Section 627.421 of the Florida Statutes provides that "every policy shall be mailed or delivered to the insured ... not later than 60 days after the effectuation of coverage."

■ However, the Plaintiff's reliance on state law and the *Brown* case is misplaced. As will be discussed in more detail below, flood insurance policies, like the one at issue in this case, are governed by federal law. Moreover, *Brown* does not affect this Court's analysis because that case did not involve a Flood insurance policy. Rather, *Brown* involved an insurance policy on an aircraft. 951 F.Supp. at 991.

The Defendant issued Miller a standard flood insurance policy ("SFIP") pursuant to the National Flood Insurance Program Act of 1968, 42 U.S.C. § 4071. Congress established the National Flood Insurance Program to provide flood insurance with reasonable terms and conditions to those in flood prone areas. *See Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998). The program is operated by the Federal Emergency Management Agency ("FEMA") and is supported by the federal treasury. *Id.* Flood insurance policies can be issued directly by FEMA or through private insurers known as "Write Your Own" companies. *Id.* The WYO receives compensation from the federal government for any claim exceeding funds available in the account by drawing on FEMA letters of credit. *See Parsons Footwear, Inc. v. Omaha Property & Casualty Co.,* 19 F.Supp.2d 588, 590 (N.D.W.Va.1998). By statute, these private companies are fiscal agents of the United States. *Id.* (citing 42 U.S.C. § 4071(a)(1)).

The terms and conditions of all federal flood insurance policies are fixed by FEMA, and the policies must be issued in the form of a Standard Flood Insurance Policy. *Id.* The SFIPs are governed by federal law, applying standard insurance law principles. *See Carneiro Da Cunha v. Standard Fire Ins. Co./Aetna Flood Ins. Program,* 129 F.3d 581, 584 (11th Cir. 1997); *Leland v. Federal Ins. Adm'r,* 934 F.2d 524, 529 (4th Cir.1991) ("[F]ederal common law controls the interpretation of insurance policies issued pursuant to the National Flood Insurance Program."); *West v. Harris,* 573 F.2d 873, 881 (5th Cir.1978) (explaining that the flood insurance program was conceived to achieve policies which are national in scope, and as such mandates the application of federal law). Therefore, Fla. Stat. § 627.421, requiring that the insurer provide a copy of the insurance policy to the insured within 60 days after coverage begins, is inapplicable to this Court's consideration.

■ Rather, the Plaintiff's flood insurance policy is subject to the limitations on coverage imposed by federal statute and regulations. *See Carneiro,* 129 F.3d at 585. One of these limitations is that the insured must file suit in a district court within one year of having a claim denied. This limitation is set forth in Article VII, ¶ U of Plaintiff's SFIP, as well as at 42 U.S.C. § 4072, 44 C.F.R. 62.22(a), and 44 C.F.R. Pt. 61, App. (A)(1) Art. (9)(R). This one-year statute of limitations also governs actions to recover against WYO companies under SFIPs. *See Spence v. Omaha Indem. Ins. Co.,* 996 F.2d 793, 795 (5th Cir.1993). Moreover, the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced. *See Gowland,* 143 F.3d at 954. As the Eleventh Circuit stated in *Carneiro,* "appellants are bound not only by the terms of the policy, but by the terms of the statute and the applicable regulations." *Id.* at 585. The factual distinction in *Carneiro,* however, is that the Appellants had seen the flood insurance policies, which stated on the first page that they were issued "pursuant to and subject to all terms of the National Flood Insur-

ance Act of 1968 and applicable federal regulations in Title 44 of the Code of Federal Regulations." *Id.*

■ In *Gowland,* a recent Fifth Circuit case, the Plaintiff made an argument similar to the one made in this case by Plaintiff. The Plaintiff in *Gowland* argued that the Defendants were estopped from asserting the proof of loss requirement as a defense because Aetna was aware of the damage to Plaintiffs' property and took steps which led Plaintiffs to believe that their claim was being routinely processed. 143 F.3d at 955. In order to establish estoppel, the party seeking estoppel must prove 1) that the party to be estopped was aware of the facts; 2) that the party to be estopped intended its acts or omission to be acted upon; 3) that the party asserting estoppel did not have knowledge of the facts; and 4) that the party asserting estoppel reasonably relied on the conduct of the party to be estopped to his substantial injury. *Id.* at 955 n. 6.

The Fifth Circuit agreed with the district court's conclusion that Plaintiffs could not satisfy the third element. *Id.* As the district court stated, "[t]he Plaintiffs are charged with knowledge of the contents of their policy, which are published in the Code of Federal Regulations." *Gowland v. Aetna Casualty & Surety Co.,* 960 F.Supp. 101, 106 (W.D.La.1997) (citing *Heckler v. Community Health Services of Crawford County, Inc.,* 467 U.S. 51, 63, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984) ("those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to the law")), *aff'd* 143 F.3d 951 (5th Cir.1998). The Fifth Circuit explained that even though the Plaintiff's policy was written by a private insurance company, as is also true in the present case, "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland,* 143 F.3d at 955 (quoting *In re Estate of Lee,* 812 F.2d 253, 256 (5th Cir.1987)). The Court went on to write, "[w]hen federal funds are involved, the judiciary is powerless to uphold a claim of estoppel be-

cause such a holding would encroach upon the appropriation power granted exclusively to Congress by the Constitution." *Id.*

■ In this case, the Plaintiff, who is an attorney, waited over four years from the date of receiving the letter from ABIG denying his insurance claim before filing suit. Even assuming the Plaintiff never received a copy of his flood insurance policy from the Defendant, the Plaintiff is charged with knowledge of the contents of his policy given that the one year statute of limitations is published in the United States Code and in the Code of Federal Regulations. Relying on *Gowland,* this Court cannot find that Miller lacked knowledge of the one-year statute of limitations merely just because he did not receive a copy of his flood insurance policy. Therefore, the Defendant is not estopped from making a statute of limitations defense.

Moreover, a strong argument can be made that the Plaintiff did not reasonably rely on Defendant's failure to provide the Plaintiff with a copy of his insurance policy by waiting four years to file a claim. In Miller's response letter to the Defendants, dated July 9, 1993, Miller stated that he had never received copies of his insurance policy. Miller also wrote, "[i]f the insurer maintains its position and refuses to afford coverage ... I intend to take legal action for my damages and to seek recourse through state and federal agencies that oversee insurance practices involving flood policies." The Plaintiff was obviously contemplating legal action back in 1993 and was aware that federal agencies were involved in the regulation of flood insurance policies. The Plaintiff should have taken it upon himself at that time to obtain a copy of his policy or to contact the appropriate federal agency regarding his flood insurance policy. Plaintiff could have learned of the one-year statute of limitations in this manner. Therefore, this Court finds that Plaintiff's claim is barred by the one-year statute of limitations.

**1302**

### CONCLUSION

For the foregoing reasons, it is

**ADJUDGED** that Defendant's motion for summary judgment is **GRANTED.** It appears from a careful review of the motions, filings and attachments that no genuine issues of material fact remain in dispute. Hence, the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).