**TWIN CITY FIRE INS. CO.,
et. al., Plaintiffs,**

v.

**COLONIAL LIFE & ACC. INS.
CO., et. al., Defendants.**

Civil Action No. 99D935–N.

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 7, 2000.

claim Defendants Twin City Insurance Company and The Hartford Casualty Insurance Company ("Twin City," "Hartford," or "Defendants") on July 27, 2000. Counterclaim Plaintiff Colonial Life and Accident Insurance Company ("Colonial" or "Plaintiff") filed a Response on October 27, 2000. Defendants issued a Reply on November 3, 2000.[1] The court granted Plaintiff additional leave to supplement the record, but denied a similar request by Defendants, for they failed to comply with the requirements set forth in the Uniform Scheduling Order entered in this case. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that the Motion is due to be granted in part and denied in part.

## I. JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The parties do not contest personal jurisdiction or venue.

## II. SUMMARY JUDGMENT STANDARD

The court construes the evidence and makes factual inferences in the light most favorable to the nonmoving party. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment is entered only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). At this juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Anderson v. Lib-*

Michael S. Jackson, Beers Anderson Jackson Nelson Hughes & Patty PC, Montgomery, AL, for plaintiffs.

George Lamar Beck, Jr., David B. Byrne, III, Brenton L. Dean, Beck & Byrne, P.C., Montgomery, AL, Philip S. Gidiere, Jr., Steven K. Herndon, Gidiere, Hinton & Herndon, Montgomery, AL, for defendants.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is a Renewed Motion For Summary Judgment filed by counter-

---

1. Defendants filed a substituted Motion and substituted Reply, which had no substantive changes but properly pointed the court to evidentiary sources in the record, as required by the Uniform Scheduling Order. The court considered both the original and substituted pleadings prior to ruling.

*erty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted).

This determination involves applying substantive law to the substantive facts that have been developed. A dispute about a material fact is genuine if a reasonable jury could return a verdict for the nonmoving party, based on the applicable law in relation to the evidence presented. *See id.* at 248, 106 S.Ct. 2505; *Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The burden then shifts to the non-moving party, which must designate specific facts remaining for trial and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). An action will be dismissed when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. *See id.* at 587, 106 S.Ct. 1348.

## III. FACTUAL BACKGROUND

This action arises out of an insurance coverage dispute related to a lawsuit filed more than three years ago in Alabama state court. Twin City provided Colonial with commercial general liability coverage from January 1994 through 1997, and Hartford provided umbrella coverage from January 1994 until April 20, 1995. (Resp. at 2.) Colonial alleges that Twin City and Hartford breached the contract and committed several business torts when they resolved a lawsuit filed against Colonial by Lucas White, one of Colonial's former employees.

White brought three relevant causes of action against Colonial. These included breach of contract, tortious interference, and fraudulent misrepresentation and suppression. Each of Colonial's misdeeds, according to White, caused him "present and future mental anguish, pain and suffering" and "great mental distress, anguish, pain and suffering." (White Am.Compl. ¶¶ 26, 27, 28, 35, 36, 42, 43, 45.)

Colonial timely notified Twin City and Hartford of the lawsuit. Twin City and Hartford participated in Colonial's defense under a reservation of rights, and they appointed one of their attorneys, Mario Gonzalez, to provide appropriate legal representation. (Resp. at 2–3.) Although White's lawsuit survived summary judgment, White and Colonial reached a settlement agreement shortly before the case was scheduled for trial. (*Id.* at 3–4.) Defendants had concurrently filed for a declaratory judgment, stating that they did not owe any duty to defend Colonial, but this issue was never resolved. (*Id.* at 2.)

At some point, Defendants originally committed to contribute $75,000 to a global settlement of White's lawsuit. Defendants subsequently withdrew that offer. (*Id.* at 2–5.) Colonial and the other insurance carriers participating in the case then had to make up the difference. Colonial claims proximate injuries as a result.

## IV. DISCUSSION

Colonial's counterclaim against Defendants states four causes of action: breach of contract, breach of insurer's enhanced duty of good faith, breach of duty of good faith and fair dealing, and fraud. At the outset, the court notes that Colonial has abandoned its breach of contract claim against Hartford. (Resp. at 6.) *See Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir.1995) (abandoned claims). The court addresses Plaintiff's remaining claims in turn.

### A. *Breach of Contract*

Plaintiff alleges that Twin City breached its insurance contract by failing to indemnify Colonial for the losses it suffered in connection with White's lawsuit. (Compl.¶¶ 28–31.) Twin City responds that it had no duty to provide coverage, for White's claims did not fall within the poli-

cy. For the reasons to follow, the court disagrees.

■ A federal court sitting in diversity applies the substantive laws of the forum state. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In the absence of extraordinarily persuasive evidence, the *Erie* doctrine requires that the court follow state common law as it was last stated by the state's highest court. While an *Erie* court must not be unduly inflexible in discerning the scope of substantive state law, it must give due respect to the basic principles of equity, comity, and federalism that support our nation's system of dual sovereignty.[2] *See, e.g., Flintkote Co. v. Dravo Corp.*, 678 F.2d 942, 945 (11th Cir.1982).

■ Alabama choice of laws rules follow the doctrine of *lex loci contractus*, which provides that contract claims are governed by the law of the place where the contract was executed. *See Brown Mach. Works & Supply, Inc. v. Insurance Co. of N. Am.*, 951 F.Supp. 988, 992 (M.D.Ala. 1996). "Where the last act is 'receipt and acceptance' of an insurance policy, the court must apply the law of the state where this last act occurred." *Id.* The parties agree, and the court therefore finds, that South Carolina law governs the interpretation of Colonial's insurance contract.

■ Under South Carolina law, "[q]uestions of coverage and the duty of a liability insurance company to defend a claim brought against its insured are determined by the allegations of the third party's complaint." *Isle of Palms Pest Control Co. v. Monticello Ins. Co.*, 319 S.C. 12, 459 S.E.2d 318, 319 (App.1995), *aff'd*, 321 S.C. 310, 468 S.E.2d 304 (1996). "If the underlying complaint creates a possibility of coverage under an insurance policy, the insurer is obligated to defend." *Id.*

Ambiguities in a policy—such as doubts as to the duty to defend—should be resolved in favor of the insured. *See Poston v. National Fidelity Life Ins. Co.*, 303 S.C. 182, 399 S.E.2d 770, 772 (1990); *see also* Douglas R. Richmond, *Lost in the Eternal Triangle of Insurance Defense Ethics*, 9 Geo. J. Legal Ethics 475, 480 (1996) ("any doubts about whether a defense is owed are always resolved in the insured's favor.")

■ The issue, then, is whether White's consistent allegations that Colonial caused him "present and future mental anguish, pain and suffering" fairly fall within the policy's definition of "bodily injury." The policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these." (Def.Ex. Book 5B.) Under South Carolina law, emotional trauma can constitute "bodily injury," *see State Farm Mut. Auto. Ins. Co. v. Ramsey*, 295 S.C. 349, 368 S.E.2d 477, 478 (App.Ct.), *aff'd*, 297 S.C. 71, 374 S.E.2d 896 (1989) (per curiam), unless the complaint "contains no allegations of physical damages." *Jefferson–Pilot Fire & Cas. Co. v. Sunbelt Beer Distributors, Inc.*, 839 F.Supp. 376, 379 (D.S.C.1993).

The court finds that White's Amended Complaint, with its references to "pain and suffering," sufficiently pleaded physical damages. Pain and suffering both constitute "some objective indication of physical symptoms." *Id.* at 379. White's complaint certainly alleges more than the "loss of reputation, mental anguish, humiliation, and loss of enjoyment of life" claim presented in *Jefferson–Pilot. See id.* The court also finds that it may have been foreseeable from White's complaint that he would have attempted to demonstrate physical manifestations of emotional distress at trial. In addition, the court finds

2. At the same time, the court must be mindful of its special institutional role as the only countermajoritarian branch of government. In some situations, substantive laws may be subordinated to higher considerations of liberty, autonomy, and justice. *See United States v. Carolene Prods. Co.*, 304 U.S. 144, 153 n. 4, 58 S.Ct. 778, 82 L.Ed. 1234 (1938).

that Defendant has not conclusively shown that White would not have prevailed on the merits had his case been presented to a jury. (Gonzalez's Dep. at 152–56, 169.) Therefore, the court finds sufficient evidence to conclude that Defendant should have defended and/or indemnified Colonial for White's civil action.

■■■ The court rejects Twin City's alternative argument that the events causing White's alleged injuries are excluded from coverage because they do not qualify as "occurrences." The policies define an "occurrence" as "an accident, including continuous or repeated exposure to substantially general harmful conditions." (Doc. No. 70 at 20.) Twin City argues that all of the harmful acts committed by Colonial were intentional and, therefore, not accidental.

■■■ Although the relevant policies do not expressly define the term "accident," South Carolina law defines an "accident" as "an effect which the actor did not intend to produce and . . . cannot be charged with the design of producing." *Liberty Life Ins. Co. v. Travelers Indemnity Co. of Ill.*, 181 F.3d 88, 1999 WL 417436 at *4 (4th Cir.1999) (per curiam) (table opinion) (quoting *Goethe v. New York Life Ins. Co.*, 183 S.C. 199, 190 S.E. 451, 458 (1937)). "[F]or an intentional conduct exclusion to apply, the actor must have intended the consequences of his actions." *Id.* (citing *Vermont Mut. Ins. Co. v. Singleton*, 316 S.C. 5, 446 S.E.2d 417, 420 (1994)).

■■■ White's Amended Complaint alleges injury as the result of breach of contract, fraud, suppression, and tortious interference. On the one hand, breach of contract does not qualify as an "occurrence" under South Carolina law. *See Isle of Palms*, 459 S.E.2d at 319. Similarly, neither tortious interference nor suppression can be accidental occurrences under Alabama law. *See Shutter Shop, Inc. v.*

*Amersham Corp.*, 114 F.Supp.2d 1218, 1226 (M.D.Ala.2000) (suppression); *Diefenderfer v. Ford Motor Co.*, 916 F.Supp. 1155, 1160 (M.D.Ala.1995) (tortious interference). But on the other hand, misrepresentation can be the result of intentional, reckless or innocent statements. *See Smith v. Reynolds Metals Co.*, 497 So.2d 93, 95 (Ala.1986). Therefore, because White's allegations of fraud were not limited to intentional conduct, not all of his claims fall outside the scope of the policy. As a result, the court finds that Twin City's renewed motion for summary judgment on the contract claim is due to be denied.

## B. *Remaining Tort Claims*

The remaining question is whether Colonial's tort law claims should be dismissed. Alabama choice of laws rules follow the doctrine of *lex loci delicti*, which provides that tort claims are governed by the law of the place where the harm occurred. *See Fitts v. Minnesota Mining & Manufacturing Company*, 581 So.2d 819, 820 (Ala. 1991). Count One of Colonial's Counterclaim alleges breach of the duty of good faith under South Carolina law. Counts Two and Three are brought under Alabama law; Count Two alleges fraud, and Count Three alleges breach of the insurer's enhanced duty of good faith. After applying the relevant state law, the court finds that summary judgment is due to BE GRANTED on Counts One and Two, but not on Count Three.

### 1. *Insurer's duty of good faith*

■■■ In this case, Colonial allegedly suffered injury because Defendants failed to defend Colonial against White's claim in Alabama. Therefore, the court finds that Colonial suffered injury in Alabama. As a result, Alabama law governs Colonial's tort claims.[3] *See Providence Hosp. v. Rollins*

---

**3.** Colonial is pleading Counts One and Three in the alternative. In other words, it contends that it can prove bad faith tortious

conduct regardless of which state's laws apply. The court's finding that Alabama law

*Burdick Hunter of Ill., Inc.,* 1994 WL 8248 at *2 (N.D.Ill.1994) (applying Alabama law); *see also Chavers v. National Sec. Fire & Cas. Co.,* 405 So.2d 1, 5 (Ala.1981) (per curiam) (breach of duty of good faith is tortious conduct); Barry R. Ostrager & Thomas R. Newman, Handbook On Insurance Coverage Disputes, § 12.12[a] at 657 (9th ed.1998) (same).

The seminal Alabama case discussing an insurer's enhanced duty of good faith is *L & S Roofing Supply Co., Inc. v. St. Paul Fire & Marine Ins. Co.,* 521 So.2d 1298 (Ala.1987). In *L & S Roofing,* the Court held that an insurer defending under a reservation of rights must satisfy four specific obligations. One of them is that the company "must refrain from engaging in any action which would demonstrate a greater concern for the insurer's monetary interest than for the insured's financial risk." *Id.* at 1303.

The court finds sufficient evidence for the trier of fact to conclude that Defendants failed to meet their obligations. For example, the record reflects that Gonzalez may have been reluctant to contribute to a global settlement in white's lawsuit because doing so may have adversely impacted Defendants' position in another pending case. (Gonzalez's Dep. at 191, 196.) From this and other evidence, the finder of fact could conclude that Gonzalez did not "understand that only [Colonial was] the client," and that Colonial was entitled to his exclusive, undivided loyalty. *See L & S Roofing Co.,* 521 So.2d at 1303. Therefore, summary judgment is due to be denied on Count Three.

### 2. *Fraudulent misrepresentation*

Defendants, however, are entitled to summary judgment on Colonial's fraud claim. "A prima facie case of misrepresentation requires a showing of: (1) a false representation of material fact; (2) which is relied upon by the plaintiff; (3) to the plaintiff's detriment." *Shutter Shop,*

114 F.Supp.2d at 1227. Reliance is an essential element of the prima facie case; "[w]here there is no reliance, there can be no fraud." *First Union Nat'l Bank of Fla. v. Perdido Motel Group, Inc.,* 142 B.R. 460, 464 (N.D.Ala.1992).

While Colonial complains that Defendants "misrepresented that they were participating in settlement negotiations, and misrepresented that they had contributed $75,000 toward the settlement," the facts prove otherwise. (Compl.¶ 20.) Defendants extended $75,000 in settlement authority until the last round of settlement offers to White. (Whitehead's Dep. at 114–15.) When Colonial made its final settlement offer, it was fully aware that Defendants had withdrawn settlement authority, and Plaintiff's agent did not make any offer "with any of [Defendants'] money." (*Id.* at 115.) Thus, the court finds that Colonial has failed to establish a prima face case of misrepresentation. Therefore, summary judgment is due to be granted.

### V.  ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Counterclaim Defendants' Renewed Motion For Summary Judgment be and the same is hereby GRANTED IN PART and DENIED IN PART as follows:

(1) With respect to Counts One and Two, the Motion be and the same is hereby GRANTED;

(2) With respect to Count Four against Hartford, the Motion be and the same is hereby GRANTED; and

(3) In all other respects, the Motion be and the same is hereby DENIED.

applies necessarily leads to dismissal of Count One.